RAWLINSON, Circuit Judge,
dissenting:
I respectfully dissent. In my view, the existence of a material issue of fact regarding the intent of Defendant Chief Celaya precludes entry of summary judgment in favor of the defendant. Motive or intent is a quintessential question of fact that is particularly unsuited for resolution on summary judgment. See Mendocino Envt’l Ctr. v. Mendocino Cty., 192 F.3d 1283, 1302 (9th Cir.1999).
Construed in the light most favorable to the Plaintiffs, as required in the qualified immunity context, see Skoog v. County of Clackamas, 469 F.3d 1221, 1229 (9th Cir.2006), the facts preclude entry of summary judgment in favor of Celaya. As noted by the majority, on December 7, Celaya was *738 willing to accommodate the protestors. Yet four days later, Celaya initiated mass arrests against the protestors. This abrupt change in procedure is circumstantial evidence of retaliation. See Earl v. Nielsen Media Research, Inc., 658 F.3d 1108, 1117 (9th Cir.2011); see also Diaz v. Eagle Produce Ltd. P’ship, 521 F.3d 1201, 1214 (9th Cir.2008).
In an e-mail dated the same day as the mass arrests, Celaya expressed the following sentiment: “The good news is that the arrested protestors are still at Santa Rita getting booked so they won’t be able to participate in the rally....” The majority concludes that, “in context,” the e-mail expresses concern “about crowd control” rather than retaliation. However, that interpretation fails to construe the e-mail in the light most favorable to Plaintiffs, as we are required to do. See Skoog, 469 F.3d at 1229.
Finally, the Police Department’s General Order establishing procedures for arrest provides in pertinent part: “Every effort shall be made for field citation and release.” (emphasis added). Construed in the light most favorable to Plaintiffs, a material issue of fact remains regarding whether the mass busing of protestors was consistent with “every effort” being made “for field citation and release.”
In sum, on this record and construing the facts in the light most favorable to the plaintiffs, Celaya was not entitled to qualified immunity as a matter of law. I would affirm the district court.